**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BANK OF AMERICA, N.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:14-cv-1709** |
| | § | |
| **CIT GROUP/CONSUMER FINANCE,** | § | |
| **INC. aka CIT LOAN CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

 **COMES NOW,** Bank of America, N.A., Plaintiff, complaining of CIT Group/Consumer Finance, Inc., Defendant, files this Original Complaint, and states as follows:

**I.
PARTIES**

 1. Plaintiff Bank of America, N.A. ("BANA" or "Plaintiff") is a national banking association with its main office in North Carolina.

 2. Defendant CIT Group/Consumer Finance, Inc. aka CIT Loan Corporation ("CIT" or "Defendant") is a Delaware corporation that may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Summons is requested.

**II.
PROPERTY**

 3. This proceeding concerns the following real property and improvements:

 LOT THIRTY-FIVE (35) OF A REPLAT OF VISTA VILLAGES,
 A SUBDIVISION IN HARRIS COUNTY, TEXAS,
 ACCORDING TO THE MAP OR PLAT THEREOF RECORDED
 IN VOLUME 319, PAGE 33 OF THE MAP RECORDS OF

HARRIS COUNTY, TEXAS, and commonly known as 510 Harrison Avenue, Baytown, Texas 77520 (the "Property").

## III.
## DIVERSITY JURISDICTION AND VENUE

4.      This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

5.      BANA is a national association with its principal place of business and main office in North Carolina.  BANA is therefore a citizen of North Carolina.  *See Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

6.      CIT is a Delaware corporation with its principal place of business in New Jersey, making it a citizen of Delaware and New Jersey for diversity purposes. *See* 28 U.S.C. §1332(c)(1).

7.      In this suit, Plaintiff seeks to quiet title to real property valued at more than $75,000.00; therefore, the minimum amount-in-controversy requirement has been met.

8.      Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. Section 1391(a)(2) because this suit concerns title to real property located in Harris County, Texas.

## IV.
## FACTS

9.      The foregoing paragraphs are incorporated by reference for all purposes.

10.      On or about June 12, 2008, Marjorie Toliver executed a promissory note in the original principal amount of $76,892.00, originally payable to WCS Lending (the "Note"), to purchase the Property from Lowell T. Coleman, Jr. and Dominique Coleman.  The Note was

secured by a deed of trust with a lien on the Property, which was recorded on or about June 17, 2008 in the Harris County Real Property Records as Instrument Number 20080315121 (the "Deed of Trust").

11.     The Note and Deed of Trust were subsequently assigned to Countrywide Bank, and then to BANA, as evidenced by an Assignment of Deed of Trust recorded on March 9, 2012 in the Harris County Real Property Records as Instrument Number 20120102826.

12.     Ms. Toliver defaulted on her obligations under the Note and Deed of Trust, and BANA foreclosed on the loan on August 7, 2012.  BANA purchased the Property at the sale for $84,577.31.  A Foreclosure Sale Deed was recorded in the Harris County Real Property Records on August 20, 2012 as Instrument No. 20120378003.

13.     The Secretary of Housing of Urban Development ("HUD") purchased the Property and on or about August 17, 2012, BANA issued a Special Warranty Deed to HUD.  The Special Warranty Deed was recorded on March 13, 2013 in the Harris County Real Property Records as Instrument No. 20130116019.

14.     Subsequently, it was discovered that on or about January 31, 2003, Lowell T. Coleman, Jr. had taken out a loan from CIT in the original principal amount of $10,093.00, which was secured by a lien on the Property.  The Deed of Trust evincing such lien was filed for record on or about February 3, 2003 in the Harris County Real Property Records as Instrument Number W402332 (the "CIT Lien").

15.     A release of the CIT Lien was never filed for record. Upon information and belief, a release of the CIT Lien was not filed because of an oversight or mistake.

16.     The presence of the CIT Lien on record is preventing marketable title of the Property.  HUD rescinded the deal with BANA and issued a Quit Claim Deed, re-conveying the

Property to BANA on or about March 4, 2014, recorded in in the Harris County Real Property Records as Instrument Number 20140094007 on March 10, 2014.

17.     BANA files this suit requesting the Court declare the CIT Lien was wiped out by BANA's foreclosure on August 7, 2012, and to quiet title to the Property in BANA's favor so that BANA will possess unencumbered and marketable title to the Property.

## V.
## CAUSE OF ACTION – DECLARATORY JUDGMENT

18.     The foregoing paragraphs are incorporated by reference for all purposes.

19.     CIT did not release the CIT Lien upon the sale of the Property from the Colemans to Ms. Toliver.  BANA foreclosed on its lien on the Property, yet is unable to market title with the cloud of the CIT Lien on the Property.

20.     BANA seeks a declaration that the CIT Lien is inferior to BANA's lien, and therefore BANA's August 7, 2012 foreclosure wiped out the CIT Lien and/or that the CIT Lien was satisfied and released prior to BANA's August 7, 2012 foreclosure.

21.     Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, BANA seeks recovery of its costs and attorneys' fees incurred in connection with the handling of this matter through trial and, if necessary, all appeals.

## VI.
## CAUSE OF ACTION – SUIT TO QUIET TITLE

22.     The foregoing paragraphs are incorporated by reference for all purposes.

23.     BANA's first-lien mortgage on the Property was superior to the Association's lien.

24.     BANA requests the Court quiet title to the Property in favor of BANA's name and declare CIT has no interest in same.

## VII.
## CONDITIONS PRECEDENT

25.    The foregoing paragraphs are incorporated by reference for all purposes.

26.    All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff BANA prays asks that

Defendant CIT be summoned to appear and that on final trial, that BANA have judgment that it

is the title owner of the Property and that TFHSP has no interest, lien or otherwise, in same.

BANA seeks is attorneys' fees, costs of suit, and all other relief to which it may be entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Admission No. 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

ATTORNEY FOR PLAINTIFF